| | |
|---|---|
| **DISTRICT OF NEW JERSEY**<br>**UNITED STATES BANKRUPTCY COURT**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Lynn T. Nolan, Esq. - 039952011<br>GROSS POLOWY, LLC<br>Formed in the State of Delaware<br>2500 Plaza 5, Suite 2548<br>Jersey City, NJ 07311<br>(716) 204-1700<br>E-mail: lnolan@grosspolowy.com<br>Attorneys for Creditor MidFirst Bank | **Order Filed on May 26, 2021**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>    STEVEN ECKERT<br>    JACQUELYN ECKERT<br><br>                Debtor(s). | Case No.: 19-23905-mbk<br><br>Hearing Date: 05/18/2021<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

Recommended Local Form:    ☒ Followed    ☐ Modified

**ORDER RESOLVING MOTION TO VACATE STAY AND/OR MOTION TO DISMISS WITH CONDITIONS**

The relief set forth on the following pages, numbered two (2), three (3) and four (4) is hereby **ORDERED.**

**DATED: May 26, 2021**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

| | |
|---|---|
| Applicant: | MidFirst Bank |
| Applicant's Counsel: | GROSS POLOWY, LLC - Lynn T. Nolan, Esq. - 039952011 |
| Debtor's Counsel: | WEISHOFF & RICHARDS, LLC -Travis J. Richards, Esq. |
| Property Involved ("Collateral"): | 8 Hyde Lane, Westampton, NJ 08060 |
| Relief Sought: | ☒ Motion for relief from the automatic stay |
| | ☐ Motion to Dismiss |
| | ☐ Motion for prospective relief to prevent imposition of automatic stay against the collateral by debtor's future bankruptcy filings |

For good cause shown, it is **ORDERED** that Applicant's Motion(s) is (are) resolved, subject to the following conditions:

1. Status of post-petition arrearages:

    ☒ The Debtor is overdue for 7 months, from 11/01/2020 to 05/01/2021.

    ☒ The Debtor is overdue for 7 payments at $1,829.10 per month.

    ☒ The Debtor is accessed for $266.40 late charges at $44.40 per month.

    ☒ Applicant acknowledges suspense funds in the amount of $1,216.18 received.

    Total Arrearages Due $11,853.92.

2. Debtor must cure all post-petition arrearages, as follows:

    ☒ Immediate payment shall be made in the amount of $7,319.10, payment shall be made no later than 5/20/2021.

    ☒ Beginning on 06/01/2021, regular monthly mortgage payments shall continue to be made in the amount of $1,829.10.

    ☒ Beginning on 06/1/2021, additionally monthly cure payments shall be made in the amount of $377.90 for 11 months.

    ☒ Beginning on 5/1//2022, additionally monthly cure payments shall be made in the amount of $377.92 for 1 months.

    ☐ The amount of _____ shall be capitalized in the debtor's Chapter 13 plan. The Debtor's monthly payment to the Chapter 13 Trustee is modified to be _____ per month.

3. Payments to the Secured Creditor shall be made to the following address(es):

    ☒ Immediate Payment

    MidFirst Bank
    999 N.W. Grand Boulevard
    Suite 100
    Oklahoma City, OK 73118-6116

    ☒ Regular Monthly Payment

    MidFirst Bank
    999 N.W. Grand Boulevard
    Suite 100
    Oklahoma City, OK 73118-6116

☒ Monthly Cure Payment

> MidFirst Bank
> 999 N.W. Grand Boulevard
> Suite 100
> Oklahoma City, OK 73118-6116

4. In the event of Default:

☒ If the Debtor fails to make the immediate payment specified above or fails to make any regular monthly payment or the additional monthly cure payment within (30) day of the date the payments are due, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Collateral by filing, with the Bankruptcy Court, a Certification specifying Debtor's failure to comply with this Order. At the time the Certification is filed with the court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtor, and the Debtor's attorney.

☒ In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay.

☒ This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay.

☒ If the bankruptcy case is dismissed, or if the automatic stay is vacated, the filing of a new bankruptcy case will not act to impose the automatic stay against the Secured Creditor's opportunity to proceed against its collateral without further Order of the Court.

5. Award of Attorneys' Fees:

☒ The Applicant is awarded attorney's fees of $850.00 and costs of $188.00.

The Fees and costs are payable:

☒ Through the Chapter 13 plan. These fees/costs shall be set up as a separate claim to be paid by the Standing Trustee and shall be paid as an administrative claim.

☐ To the Secured Creditor within ____ days.

☐ Attorney's Fees are not awarded.